

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,481-01

**EX PARTE KIMOTHY MARK TAYLOR, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W09-01454-X(A) IN CRIMINAL DISTRICT COURT NO. 6
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to ten years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Taylor v. State*, No. 05-11-00043-CR (Tex. App.—Dallas March 28, 2012) (not designated for publication).

Applicant contends that trial counsel rendered ineffective assistance because, among other things, he failed to call alibi witnesses at the guilt stage of trial and request that gunshot residue from the deceased's clothing be tested. On July 23, 2014, we remanded this application and directed the trial court to make findings of fact and conclusions of law and order counsel to respond to

Applicant's claims. On remand, counsel filed a sworn affidavit and said, among other things, that he retained a gunshot-residue expert. He did not, however, say why he did not request that the gunshot residue from the deceased's clothing be tested.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's specific claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's second response, the trial court shall make further findings of fact and conclusions of law as to whether trial counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 28, 2015
Do not publish